RENDERED: JULY 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0104-MR

JAMES H. MASSEY AND TAMARA                    APPELLANTS
S. MASSEY


|  | APPEAL FROM WARREN CIRCUIT COURT |
|---|---|
| v. | HONORABLE CHRISTOPHER T. COHRON, JUDGE |
|  | ACTION NO. 22-CI-01199 |


MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR AMERICA'S
WHOLESALE LENDER, ITS
SUCCESSORS AND ASSIGNS; THE
UNITED STATES OF AMERICA,
DEPARTMENT OF AGRICULTURE,
FARM SERVICE AGENCY; AND
WILMINGTON SAVINGS FUND
SOCIETY, FSB, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS OWNER TRUSTEE OF
CSMC 2021-JR2 TRUST                                 APPELLEES

AND

NO. 2025-CA-0177-MR

JAMES H. MASSEY AND TAMARA
S. MASSEY                                             APPELLANTS

v.                                     HONORABLE JOHN GRISE, JUDGE
                                       ACTION NO. 24-CI-01537


WILMINGTON SAVINGS FUND
SOCIETY FINANCIAL
CORPORATION, ACTING BY AND
THROUGH ITS SUBSIDIARY,
WILMINGTON SAVINGS FUND
SOCIETY, FSB; AMY E. GARDNER;
CHRIS WILEY; COMPUTERSHARE
INC.; COMPUTERSHARE US INC.;
COMPUTERSHARE US SERVICES,
INC.; GAIL C. HERSH, JR.; JASON A.
MOSBAUGH; MANLEY DEAS
KOCHALSKI LLC; MATTHEW M.
CURRY; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
NEWREZ LLC; RITHM CAPITAL
CORP.; SCOTT SLAGLE; THE BANK
OF NEW YORK MELON, F/K/A THE
BANK OF NEW YORK; AND U.S.
BANK NATIONAL ASSOCIATION                                    APPELLEES


OPINION
AND ORDER DISMISSING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND MOYNAHAN,
JUDGES.

MOYNAHAN, JUDGE:  In this consolidated appeal, the Masseys appeal *res judicata* rulings from the trial court in favor of the Appellees (collectively,

"Wilmington").  In the first appeal, No. 2025-CA-0104-MR,[1] the Masseys appeal

the Revised Judgment and Order of Sale entered by the Warren Circuit Court on

January 16, 2025 ("the foreclosure action").  In the second appeal, No. 2025-CA-

0177-MR,[2] the Masseys appeal the Final Order Granting Defendants' Motions to

Dismiss, entered by the Warren Circuit Court on February 3, 2025 ("the Order

Dismissing").  While we could simply affirm by relying on Wilmington's

persuasive *res judicata* argument – we decline to reach the merits because the

Masseys have failed to properly preserve their arguments at the trial court level and

have failed to substantially comply with the Rules of Appellate Procedure

("RAP").  Accordingly, we sanction the Masseys by striking their briefs and

dismissing their appeals.

## BACKGROUND

The Masseys' brief, filed in 2025-CA-0104, fails to cite anything in

the record to support its arguments.  Their "statement of the case" is devoid of a

single citation to the record below and the Masseys fail to point to any legal

authority or anything in the trial record to support their claims.  Further, to the

extent the Masseys disagreed with the Circuit Court's rulings or the judgment

---

[1] Appeal from Warren Circuit Court, No. 22-CI-01199.  Wilmington was the Plaintiff. ("Underlying Foreclosure Action/Proceeding").

[2] Appeal from Warren Circuit Court, No. 24-CI-01537.  The Masseys were the Plaintiffs.

entered below, they failed to develop any cogent argument in favor of reversal at all, much less one supported by the record.

In case No. 2025-CA-0177, the Masseys' opening brief again fails to comply with a host of the RAPs. To wit, the Masseys' statement of points and authorities fails to comply with RAP 32(A)(2); the "listing of citations, etc." appended to the end of the brief is both incomplete and inaccurate, as it does not comply with the RAP 32(A)(4) requirement that an argument conform to the statement of points and authorities, with ample references to citations of authority pertinent to each issue of law; the statement of the case contains no citations to the record and consequently fails to comply with RAP 32(A)(3); and, lastly, the argument section does not reference the record, and fails to show how the issues raised on appeal were properly preserved for review, per RAP 32(A)(4).

Multiple precedents make clear that such action permits us to strike a brief and dismiss an appeal under RAP 10(B). *Commonwealth v. Roth*, 567 S.W.3d 591, 593 (Ky. 2019) (striking the appellant's brief and dismissing the appeal); *Hamburger v. Plemmons*, 654 S.W.3d 99, 101-02 (Ky. App. 2022) (striking both parties' briefs and dismissing an appeal based on mutual failure to substantially comply with the applicable rules). Furthermore, while the Masseys are proceeding *pro se*, Mr. Massey appears to be a licensed attorney who apparently is, or has previously been, admitted to practice in multiple

jurisdictions.[3]  Consequently, Wilmington requests we not afford the Masseys

whatever leniency or benefit we might otherwise show to a *pro se* litigant who

lacks formal legal training.  In any event, we note that *pro se* litigants are not

exempt from either complying with the rules of appellate procedure or the

consequences for failing to do so.  *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky.

App. 2019).

### APPLICABLE RULES OF APPELLATE PROCEDURE (RAPs)

Several RAP provisions are relevant to this appeal.  They provide, in

relevant part:

> **RAP 10 Failure to Timely Appeal or Comply with
> Other Rules** . . .
>
> **(B) Consequences for failing to comply with rules** . . .
> the failure of a party to substantially comply with the
> rules is ground for such action as the appellate court
> deems appropriate, which may include: . . .
>
> (3) Striking of filings, briefs, record or portions thereof,
>
> . . .
>
> (5) A dismissal of the appeal . . .

---

[3] *See, e.g.*, footnote 51 in Appellee's Brief in 2025-CA-0177, asserting that Mr. Massey was formerly barred in Colorado, that an Illinois court observed he was an attorney with offices in Kentucky, and referencing that Mr. Massey was, at some point, an admitted member of the Illinois bar, based on records from the Supreme Court of Illinois's Attorney Registration and Disciplinary Commission.

**RAP 11 Obligation of Counsel and Self-Represented Party; Frivolous Filings**

**(A) Obligation of Counsel and Self-Represented Parties**. . . .

(2) . . . If a filing is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an **appropriate sanction**, which **may include an order to pay to the other party or parties the amount of the reasonable expenses** incurred because of the filing of the unsigned document.

**(B) Frivolous filings**. An appeal or motion is frivolous if the court finds that it is so totally lacking in merit that it appears to have been taken in bad faith. If an appellate court determines that an appeal or appellate filing is frivolous, it may impose an appropriate sanction, including but not limited to:

(1) Striking of filings or briefs or portions thereof;

(2) A dismissal of the appeal or denial of the motion;

(3) Awarding just monetary sanctions and single or double costs to the opposing party; . . .

**RAP 32 Organization and Content of Briefs**

**(A)** Appellant's Opening Brief. An appellant's opening brief must contain the following sections, in the following order. . . .

. . .

(2) A **statement of points and authorities**, which shall set forth, succinctly and in the order in which they are discussed in the body of the argument, the appellant's contentions with respect to each issue of law relied upon

-6-

for a reversal, listing under each the authorities cited on that point and the respective pages of the brief on which the argument appears and on which the authorities are cited.

(3) A **statement of the case** consisting of a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, with ample references to the specific location in the record supporting each of the statements contained in the summary.

(4) An **argument** conforming to the statement of points and authorities, with ample references to the specific location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

(Bolded emphasis added.)

*Sanctions Under CR[4] 11 & RAP 11*

CR 11 provides, in relevant part:

A **party who is not represented by an attorney** shall sign his pleading, motion, or other paper and state his address. . . .  The **signature of** an attorney or **party constitutes a certification by him that he has read the pleading**, motion or other paper; that **to the best of his knowledge, information, and belief formed after reasonable inquiry** it is **well grounded in fact and is warranted by existing law or a good faith argument** for the extension, modification or reversal of existing law, and **that is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.**  If a

---

[4] Kentucky Rules of Civil Procedure.

pleading, motion, or other **paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it . . . an appropriate sanction**, which may include an order to pay to the other party or parties the amount of the reasonable expense incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. . . .

(Bolded emphasis added.)

"Where an appeal is frivolous [the Court of Appeals] may award just damages and single or double costs to the non-offending party[.]" *Raley v. Raley*, 730 S.W.2d 531, 531 (Ky. App. 1987).

## ANALYSIS

*Masseys' History of Egregious Language and Unfounded Assertions*

In a motion filed last year in Case No. 2025-CA-0104 to stay the "prosecution" of the underlying Revised Judgment and Order of Sale entered in favor of Wilmington on January 16, 2025 ("Revised Judgment"), the Masseys stated:

> Under the circumstances of the relevant history of this appeal, to require Appellants to post a bond of any kind in any amount would only act as an undeserving "gift", and reward, to the dishonest, unscrupulous, fraudulent, appellees, and those who have a tawdry history of assisting them, while continuing to heap additional injury upon the totally innocent, victimized, Appellants.

> In stark contradiction to the foundational lies of the circuit court's void judgment, appellants have never been in default, there was no default, the "HELOC" was paid

-8-

off in full on August 30, 2019. The swindle-minded appellees took possession of the funds used to satisfy the obligations of the "HELOC", and now remain in possession of those funds. Appellant is 100% innocent in every respect and has not committed any wrong of any kind. The Judgment giving rise to this appeal is based on a fraud and a scam.

We rightfully took issue with the Masseys' particular statement that the "swindle-minded appellees took possession of the funds" in the misplaced cashier's check "and now remain in possession of those funds" because those statements are blatantly contradicted by disclosures Massey made in federal court[5] and thus are not "well grounded in fact." Further, our Order noted that referring to an opposing party and/or their counsel as "dishonest, unscrupulous, [and] fraudulent" without compelling evidence is likewise not "well grounded in fact." Beyond this, we explained that implying the presiding Circuit Judge has a "tawdry history of assisting" Appellees and based the underlying judgment on "foundational lies" was inappropriate and inexcusable. While we refrained from imposing sanctions on the Masseys for the statements in their RAP 21 motion, we expressly admonished "that similar accusations in any future filings may result in the imposition of sanctions."[6]

---

[5] *James Harrison Massey v. Specialized Loan Servicing*, *L.L.C.*, Civil Action No. 1:20-CV-00088-GNS, Plaintiff's Voluntary Disclosures (W.D. Ky. Jul. 2, 2020).

[6] We recognize that the admonishment in our October 8, 2025, order would have occurred weeks after the underlying briefs were filed in this matter, but the Masseys could have moved for leave to revise their previously filed briefs, given the notice they were put on by that order.

-9-

Months later, in Case No. 2025-CA-0104, this Court entered an Order on March 5, 2026, denying the Masseys' motion to disqualify an appellate judge. That Order expressly noted that the Masseys' denigrating language now extended to a member of our Court who had no prior involvement in this case or with these parties outside the matter. Likewise, in Case No. 2025-CA-0104, we entered an Order on March 5, 2026, denying the Masseys' motion to disqualify an appellate judge and expressly noting, again, that the Masseys' denigrating language extended to a member of our Court with no prior involvement in this case or with these parties outside the matter. As we noted then, it is unacceptable for a litigant to use such contemptuous and unfounded language.

*Sanctionable Comments in the Masseys' Appellant Briefs*

*No. 2025-CA-0104-MR (Underlying Foreclosure Action)*

In the Masseys' Appellant brief in 2025-CA-0104-MR (the appeal of underlying foreclosure action), the Masseys accused Specialized Loan Servicing LLC of being "knowingly, intentionally, and maliciously engaged in a course of fraudulent and deceptive behavior consisting of fraud-based claims and assertions, (lies and deception), that the "HELOC" had not been terminated[.]" The Masseys also lobbed unfounded claims at Wilmington and the circuit court. To wit, the Masseys' Reply Brief asserts "[Wilmington's] fraud infused complaint for foreclosure served as the basis for the circuit court's void judgment. The court

-10-

knew that the complaint failed to put forth even a scintilla of credible proof in support of its completely fabricated, fraudulent claim of default."

In their conclusion, the Masseys assert:

Appellees' Brief is significantly lacking in candor, factual accuracy and legal persuasiveness. In lieu of candor, factual accuracy and legal persuasiveness, and for the purpose of advancing a contrived, fraudulent, mortgage foreclosure scheme, by lies, fraud and deception, appellees and their attorneys attempt to avoid the impact and consequences of analytical review of the material facts, the law, and the evidence.

They further allege in their appellant brief that the "Kentucky District Court accepted the defendants' lies and deception and rendered judgment in favor of defendant's patently defective motion" but in the next sentence affirmatively state they "did not appeal the court's judgment[.]" Additionally, their appellant brief accuses the district court's order of being based on violations of the Code of Judicial Conduct, as well as "fraud, and fraud upon the court, and, fraud upon the court by the court itself . . . ." Further, they accuse the court of making a "conscious decision to ignore the fact that the plaintiff's lawyer(s) blatantly engaged in violation of the code of professional conduct, e.g., lies, fraud, and deception. The courts actions amounted to fraud upon the court by the court." We pause to note that none of these accusations are grounded in cited facts or supported by the record.

The most egregiously unfounded argument raised by the Masseys on appeal was that the underlying court's rulings must be examined in the context of Kentucky Anti-Miscegenation Laws (passed in 1866). Massey states that the anti-miscegenation statutes remain on the books in Kentucky and then baselessly argues the law's existence features prominently in the trial judge's social history and accumulated life experiences and therefore amount to affirmative evidence of racial discrimination from the bench. At another point, the Masseys blatantly conclude "that racial discrimination was a driving force behind the circuit court's unusually harsh, unfair, unnecessary, illegal, and unjust treatment of the Appellants." We find this argument to be fallacious and entirely unsupported by the record. The unfortunate pattern of the Masseys raising unfounded claims of racial discrimination against judges who do not agree with them supports our reasoning that dismissal of their appeals is appropriate.

*Sanctionable Comments in Masseys' Briefs in 2025-CA-1077*

*(Appeal of the Order Dismissing)*

The Masseys filed their Appellant Brief in the related appeal (No. 2025-CA-0177) on July 30, 2025. As in their companion appeal, the Masseys made a litany of sanctionable comments, and we list only the most egregious examples to illustrate the point without lengthening this opinion.

-12-

In a section labeled "Summary of Defining Observations" the Masseys rehash their claims that the court and Appellees have regularly violated the Rules of Judicial Conduct and the Rules of Professional Conduct. They also generally impugn the integrity of every other person involved in the proceeding. Without evidence, the Masseys make conclusory allegations that the lower court is driven by judicial animus. Further, in their Reply Brief, the Masseys made a baseless allegation that the Appellees have mired the essence of the appeal through "encyclopedic, AI generated appearing, red-herring-hatchery." Notably, they fail to cite a single portion from Wilmington's brief that they claim is AI-generated.

## CONCLUSION

Pursuant to our analysis above, we sanction the Masseys by striking their briefs and dismissing both of their appeals. The trial court's underlying foreclosure order and the order dismissing are AFFIRMED.

ALL CONCUR.

ENTERED: _July 10, 2026____

HON. WILL MOYNAHAN
JUDGE, COURT OF APPEALS

-13-

BRIEFS FOR APPELLANTS:

James H. Massey
Tamara S. Massey
Alvaton, Kentucky

BRIEF FOR APPELLEE
WILMINGTON SAVINGS FUND
SOCIETY:

Neal F. Bailen
Zachary M. VanVactor
Louisville, Kentucky